IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01233-BNB

DAVID PAUL LORENTZEN,

    Applicant,

v.

ROBERT OMER, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO],

    Respondents.

## ORDER OF DISMISSAL

    Applicant, David Paul Lorentzen, currently is on probation. Mr. Lorentzen initiated this action by submitting to the Court *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction and sentence in Montrose County District Court.

    In an order filed on May 16, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On July 11, 2012, after being granted extensions of time, Respondents submitted a pre-answer response (ECF No. 12). On July 30, 2012, Mr. Lorentzen submitted a reply (ECF No. 13).

    The Court must construe liberally Mr. Lorentzen's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied and the action dismissed.

On January 19, 2012, a jury found Mr. Lorentzen guilty in Montrose County District Court Criminal Case No. 11CR140 of first-degree criminal trespass, a class-five felony.  ECF No. 12 (pre-answer report), ex. A (state register of actions) at 5.  On March 12, 2012, the trial court sentenced him to two years of probation.  *Id.*

Mr. Lorentzen did not file a direct appeal.  Instead, on April 16, 2012, he filed a state habeas corpus petition, i.e., No. 12SA103, directly with the Colorado Supreme Court, which summarily denied the petition on April 18, 2012.  ECF No. 12, ex. B (state habeas corpus petition) at 1; ex. C (order denying petition in No. 12SA103).  On May 11, 2012, Mr. Lorentzen filed a 28 U.S.C. § 2254 habeas corpus application in this Court asserting two claims:

1. The state district court lacked subject matter jurisdiction at his post-conviction sentencing hearing, and

2. He was deprived of his constitutional right to a hearing on his state habeas corpus petition.

While the basis for Mr. Lorentzen's claims is difficult to discern, he apparently reasons that, but for his divorce decree requiring him to pay his former wife her equitable portion of the increase in the value of the Montrose property awarded to him in the divorce, he would not have been subjected to an arbitrary taking of his property, sold at a foreclosure auction.  He further reasons that, because no hearing was held in the foreclosure action on his property, the foreclosure court lacked subject matter jurisdiction and, therefore, the criminal court lacked subject matter jurisdiction to

proceed on the criminal trespass charge against him.  Hence, the foreclosure and transfer of the property by sheriff's deed is void, he retains title to the property, and, therefore, he cannot be charged with trespassing on his own property.  He also believes he was deprived of some unspecified constitutional right to a hearing in his original habeas corpus proceeding in the state supreme court.

In the instant action, Mr. Lorentzen asks for a hearing on his claims and his immediate release from custody.  In the brief in support of his application, he also asks this Court to set aside as void (1) final orders in his divorce case, (2) the order granting summary judgment and the judgment and decree of foreclosure in the foreclosure case, and (3) the sheriff's certificate of purchase and the sheriff's deed under execution of judgment related to the sale of the foreclosed property.  ECF No. 3 (199-page brief in support of habeas corpus application) at 15-16.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d).  However, Respondents contend that Mr. Lorentzen failed to exhaust state court remedies for his claims because he has failed to invoke one complete round of the State's established appellate review process.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  See *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Having reviewed the record, the Court finds that Mr. Lorentzen has failed to exhaust his state court remedies prior to seeking relief in federal court.

Mr. Lorentzen asserts that he filed a state habeas corpus action directly in the Colorado Supreme Court on April 16, 2012, which the Colorado Supreme Court denied on April 18, 2012. ECF No. 12, ex. C at 1. However, this state court proceeding in the state supreme court was insufficient to exhaust Mr. Lorentzen's claims. This is because "where the claim has been presented for the first and only time in a procedural context

in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351 (internal quotation marks omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (noting that state procedure that is discretionary and limited in scope does not constitute fair presentation).

In the State of Colorado, the Colorado Supreme Court has the discretion to decline to address the merits of claims asserted in a petition for writ of habeas corpus filed directly in that court. *See Allen v. Zavaras*, 568 F.3d 1197, 1198 (10th Cir. 2009) (holding that "[u]nlike the district court, however, the Colorado Supreme Court is under no obligation to consider an original habeas petition."). In addition, the Colorado Supreme Court did not issue any order denying Mr. Lorentzen's claims on their merits; instead, his state habeas petition was summarily denied without any substantive review. Because the habeas corpus action Mr. Lorentzen filed directly in the Colorado Supreme Court was subject to the Court's discretionary review, the action did not constitute fair presentation of Mr. Lorentzen's federal constitutional claims. *See Castille*, 489 U.S. at 351. Therefore, Mr. Lorentzen has failed to exhaust the claims he brings here, because he has not yet "invok[ed] one complete round of the State's established appellate review process." *See O'Sullivan*, 526 U.S. at 845. This action will be dismissed without prejudice for failure to exhaust state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

5

(1962).  If Mr. Lorentzen files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   14th   day of      August      , 2012.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court