IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01233-LTB

DAVID PAUL LORENTZEN,

     Applicant,

v.

ROBERT OMER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the motion titled "Motion to Alter or Amend Order of Dismissal" (ECF No. 17) submitted *pro se* by Applicant, David Paul Lorentzen, on August 27, 2012.

Mr. Lorentzen seeks reconsideration of the Order of Dismissal and Judgment filed on August 14, 2012, denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the instant action, Mr. Lorentzen, who currently is on probation, challenged the validity of his conviction and sentence in Montrose County District Court.

The Court must construe the August 27 motion liberally because Mr. Lorentzen is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion will be denied.

The Court denied the habeas corpus application and dismissed the instant action without prejudice for Mr. Lorentzen's failure to exhaust state court remedies before

seeking federal habeas corpus relief.  The reasons for the dismissal are explained in greater detail in the August 14 dismissal order.

A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Lorentzen's motion to reconsider pursuant to Fed. R. Civ. P. 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on August 14.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Upon consideration of the entire file, the Court finds and concludes that Mr. Lorentzen fails to demonstrate some reason why the Court should reconsider and vacate the decision to dismiss this action because he fails to demonstrate he invoked

one complete round of the state's established appellate review process.  Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion to Alter or Amend Order of Dismissal" (ECF No. 17) submitted *pro se* by Applicant, David Paul Lorentzen, on August 27, 2012, and and which the Court has construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __5th__ day of __September__, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3